**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ARMANDE KESHER KETCHA NAMEGNI, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03301-MBB |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Armande Kesher Ketcha Namegni seeks release from immigration-related detention. She filed a Verified Petition for a Writ of Habeas Corpus and Injunctive Relief (the "Petition"). (**Doc. 1**). She contends her detention violates the Due Process Clause of the United States Constitution. Because her detention is not contrary to procedural or substantive due process, the Court DENIES the Petition.

## Background

Petitioner, a citizen of Cameroon, is detained at the Greene County Jail in Springfield, Missouri. (**Doc. 1**, pp. 3-4; **Doc. 1-1**, p. 1). She illegally entered the United States on December 4, 2022. (**Doc. 1**, p. 6; **Doc. 1-1**, p. 3). On December 5, 2022, DHS issued Petitioner a Notice to Appear and an Order of Release on Recognizance. (**Doc. 1-1**, p. 3; **Doc. 1-3**, pp. 2-4; **Doc. 1-4**, p. 2). In January 2025, DHS issued Petitioner a revised Notice to Appear. (**Doc 1**, p. 7). On September 13, 2025, Petitioner was arrested and charged by the State of Missouri for felony shoplifting. (**Doc. 1**, p. 7). On January 22, 2026, Petitioner was taken into ICE Custody. (**Doc. 1**, p. 7). On January 30, 2026, the State of Missouri filed a *nolle prosequi* on the felony shoplifting charge. (**Doc. 1**, p. 7). On March 10, 2026, an Immigration Judge issued an Order of Removal

against Petitioner.  (**Doc. 1**, p. 7).  Petitioner's appeal of the removal order is pending before the Board of Immigration Appeals.  (**Doc. 1**, p. 7).  She remains detained.  (**Doc. 1**, p. 7).

Petitioner does not challenge the statutory basis for her detention.  (**Doc. 1**, pp. 8-14).  She contends her detention is unconstitutional.  (**Doc. 1**, pp. 8-14).  First she argues that, as applied to her, mandatory detention without a bond hearing violates due process.  (**Doc. 1**, pp. 9-13; **Doc. 4**, pp. 2-3).  She offers six factors why her detention is "unreasonable," including the duration of her detention nearing six months.  (**Doc. 1**, p. 10).  Next, Petitioner argues her detention violates substantive due process because it lacks a reasonable connection to a legitimate purpose.  (**Doc. 1**, pp. 13-14; **Doc 4**, pp. 7-8).  Petitioner seeks her immediate release or a bond hearing.  (**Doc. 1**, p. 14).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful."  ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025)*; **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner has not demonstrated her detention is unconstitutional.

2

**I.    Procedural due process does not require this Court to apply a "reasonableness" test to Petitioner's detention.**

In *Demore v. Kim*, 538 U.S. 510, 531 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  The Supreme Court was clear: "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process."  *Id.* at 523.  In *Baynee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024), the Eighth Circuit rejected the application of the *Mathews v. Eldridge*, 424 U.S. 319 (1976), "multi-factor 'reasonableness' test" to a detained alien under 8 U.S.C. § 1226(c).  The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'"  *Id.*, *quoting* **Demore**, 538 U.S. at 527.

Here, Petitioner has been ordered removed.  She has a pending appeal before the Board of Immigration Appeals.  Her detention is definite; it is tied to her pending removal proceedings.  So long as the removal proceedings are pending, due process is satisfied.  *See* **Demore**, 538 U.S. at 523-26.  Due process does not require this Court to examine the six-factor reasonableness test submitted by Petitioner.  *See* **Baynee**, 115 F.4th at 933.  Due process is satisfied by reference to the legislative scheme.  *See id.* at 932 (noting the Supreme Court has upheld detention without bond pending removal "simply by reference to the legislative scheme").  *See also* **Department of Homeland Sec. v. Thuraissigiam**, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").

**II.    Substantive due process is not violated by Petitioner's detention pending removal.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."  **Reno v. Flores**, 507 U.S. 292, 302 (1993) (emphasis in original)

(internal quotation marks omitted).  Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted).  If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster.  *See **Washington v. Glucksberg***, 521 U.S. 702, 728 (1997).  A petitioner must provide a "careful description of the asserted fundamental liberty interest."  ***Glucksberg***, 521 U.S. at 721.

Here, Petitioner does not carefully describe the fundamental liberty interest she claims is protected by substantive due process.  The Court rejects Petitioner's argument that her immigration-related detention lacks a reasonable relation to a legitimate purpose.  An immigration judge ordered Petitioner removed.  The government has a legitimate interest in ensuring Petitioner does not flee during the removal proceedings.  *See **Demore***, 538 U.S. at 528.  And should the removal order withstand appeal, the government has a legitimate interest in ensuring Petitioner will be "successfully removed."  *See **id.***  Petitioner's detention is reasonably related to those interests.  There is no substantive due process violation.

## Conclusion

Petitioner has not demonstrated her immigration-related detention is unconstitutional.  The Petition is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2026

4